UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERNEST BILLIZONE, SR.                                    CIVIL ACTION

VERSUS                                                   NUMBER: 15-3384

LISA MAISE; ET AL.                                       SECTION: "H"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Ernest Billizone, Sr., against Defendants, Lisa Maise ("Maise"), a Parole Officer with the Louisiana Department of Probation and Parole ("DPP"); the Louisiana DPP; and, the Louisiana Department of Public Safety and Corrections ("DPSC"). (Rec. docs. 5, pp. 1, 4; 5-1, pp. 1, 2).

Plaintiff is an inmate of the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana, since the date of his most recent arrest on June 5, 2015. The allegations that he presents in this lawsuit can fairly be segregated into two categories. First, Plaintiff alleges that he was previously arrested for a parole violation on August 8, 2014 and was ultimately afforded a revocation hearing on November 6, 2014, at which time his parole was revoked and he was sentenced to serve 90 days. However, rather than being released immediately on credit for time served, Plaintiff states the 90-day sentence was ordered to run from November 6, 2014, resulting in him not being released until February 4, 2015. (Rec. doc. 5-1, p. 3).

Second, following his most recent drug arrest and return to custody on June 5, 2015, Plaintiff complains that a "parole hold" was placed on him "… without having any type of

due process hearing to prove [his] guilt or innocence." (*Id.*). Plaintiff seeks compensatory and punitive damages as well as declaratory injunctive relief. (Rec. doc. 5-1, p. 5).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.[1]

As Plaintiff should know through the various lawsuits that he has previously litigated in this forum,[2] it is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their subdivisions, and state officials acting in their official capacity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)). [3] Because sovereign immunity deprives a court of jurisdiction, the claims so barred from consideration are appropriately dismissed without prejudice. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006). In light of these authorities, it will be

---

[1] In light of the Court's recommendation, it declines to answer the "Certified Questions of Law" that Plaintiff has posed in this matter. (Rec. doc. 7).

[2] In the fall of 2013, Plaintiff filed the §1983 proceeding entitled *Billizone v. La. Dept. of Prob. and Parole, et al.*, No. 13-CV-5928 "G"(4) against Maise, DPP, DPSC, and others, alleging that he was unconstitutionally released "as if on parole" after earning "good time" credits. On January 23, 2015, the District Judge in that case dismissed the matter on largely the same grounds as will be relied upon herein and Plaintiff's subsequent appeal to the Fifth Circuit was ultimately abandoned by him. (Rec. docs. 57, 58, 60 in 13-CV-5928).

[3] In addition, neither states, their departments, nor their officials acting in their official capacity are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

recommended that Plaintiff's §1983 claims against DPP, DPSC, and against Maise in her official capacity be dismissed without prejudice for want of jurisdiction.

Turning to Plaintiff's §1983 claim for monetary damages against Maise in her individual capacity, as Plaintiff was advised in his previous suit referenced above, such claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), a doctrine that applies with equal force to proceedings which call into question the fact or duration of parole. *Littles v. Bd. of Pardons & Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995).[4] Absent a showing that the revocation of Plaintiff's parole or the placement of a detainer on him for the alleged violation of his parole have been reversed, expunged, set aside, or called into question by an appropriate state or federal tribunal authorized to make such a determination, he has no §1983 cause of action for monetary damages against Maise in her individual capacity. *Heck, supra*. In any event, Maise is entitled to absolute immunity from liability for the acts complained of herein. *Littles*, 68 F.3d at 123. The remaining claims for equitable relief raised by Plaintiff's complaint should be pursued through state and federal *habeas* proceedings. *Damond v. LeBlanc*, 552 Fed.Appx. 353, 354 (5th Cir.), *cert. denied*, __ U.S. __, 134 S.Ct. 2846 (2014); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 n. 1 (5th Cir. 1988).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

---

[4] The teachings of *Heck* would also apply to Plaintiff's §1983 claim regarding the 90 days that he already served from November 6, 2014 to February 4, 2015. *See Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000), *cert. denied*, 532 U.S. 971, 121 S.Ct. 1601 (2001). *Randell* continues to be good law in the Fifth Circuit. *Black v. Hathaway*, __ Fed.Appx. __, 2015 WL 1607356 (5th Cir. 2015).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this  16th  day of  September , 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE